NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5575-15T1

U.S. BANK, N.A., AS LEGAL
TITLE TRUSTEE FOR TRUMAN
2013 SC4 TITLE TRUST,

 Plaintiff-Respondent,

v.

LUBICA VILCEKOVA,

 Defendant-Appellant,

and

MR. VILCEKOVA, husband of
LUBICA VILCEKOVA, HOWARD K.
PFEFFER, ESQ., and FOREST
JUNCTION CONDOMINIUM
ASSOCIATION,

 Defendants.
_____________________________

 Submitted September 20, 2017 – Decided October 13, 2017

 Before Judges Simonelli and Haas.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Hudson County,
 Docket No. F-047074-14.

 Law Offices of Joseph A. Chang, LLC, attorneys
 for appellant (Mr. Chang, of counsel and on
 the brief; Jeffrey Zajac, on the brief).
 Romano Garubo & Argentieri, attorneys for
 respondent (Emmanuel J. Argentieri, on the
 brief).

PER CURIAM

 In this foreclosure matter, defendant Lubica Vilcekova

appeals from the March 7, 2016 Chancery Division order, which

granted summary judgment to plaintiff U.S. Bank, N.A. as legal

title trustee for Truman 2013 SC4 Title Trust, and struck

defendant's answer with prejudice. Defendant also appeals from

the July 12, 2016 final judgment. For the following reasons, we

affirm.

 I.

 We derive the following facts from evidence submitted by the

parties in support of, and in opposition to, the summary judgment

motion, viewed in the light most favorable to defendant. Angland

v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing

Brill v. Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)).

 On July 22, 2007, defendant signed an application for a

residential adjustable rate mortgage loan in the amount of $225,600

from World Savings Bank (WSB), and listed her monthly income as

$6880. Defendant represented and acknowledged "the information

provided in this application is true and correct . . . and that

any intentional or negligent misrepresentation of the information

 2 A-5575-15T1
contained in this application may result in civil liability,

including monetary damages . . . and/or criminal penalties[.]"

 On July 27, 2007, defendant executed a thirty-year adjustable

rate mortgage note to WSB in the amount of $225,600, with an annual

interest rate of 7.060%. To secure payment of the note, defendant

executed a mortgage to WSB on her property located in Kearny. At

the time of closing, defendant executed and received a federal

Truth-in-Lending Disclosure Statement and notice of right to

cancel the loan transaction. Defendant used the loan proceeds to

pay off an existing mortgage on the property and closing costs,

and received a balance of $7,284.74 for personal use. The mortgage

was recorded in the Hudson County Clerk's Office on August 15,

2007.

 On December 31, 2007, WSB amended its charter to change its

name to Wachovia Mortgage, FSB (Wachovia). On July 12, 2009,

defendant executed a loan modification agreement with Wachovia in

the amount of $232,550.81, wherein she admitted that $232,550.81

was due under the original note and mortgage. The loan

modification agreement reduced the annual interest rate to 3.60%

with a periodic rate step-up capped at 6.5%.

 On November 1, 2009, Wachovia converted to a national bank

known as Wells Fargo Bank Southwest, NA, and merged into Wells

Fargo Bank, NA (Wells Fargo). On April 15, 2011, defendant

 3 A-5575-15T1
defaulted on the note and mortgage. The default was due to her

loss of employment.

 On December 19, 2013, plaintiff acquired the mortgage and

original note and held same since that date until it released the

documents to its attorney for this litigation. On March 4, 2014

Wells Fargo assigned all of its rights, title, and interest in the

mortgage to plaintiff, as legal title trustee for Truman 2013 SC4

Title Trust. On March 17, 2014, the assignment was recorded with

the Hudson County Registrar. Thus, as of March 17, 2014, plaintiff

was the holder of the original note and assignment of the mortgage.

 On August 7, 2014, plaintiff, through its servicing agent,

mailed defendant a notice of intention to foreclose. Defendant

failed to cure her default. As a result, on November 10, 2014,

plaintiff, as legal title trustee for Truman 2013 SC4 Title Trust,

filed a foreclosure complaint against defendant. Defendant filed

an answer, admitting to executing the note, mortgage, and loan

modification agreement, and asserting twelve affirmative defenses,

including plaintiff's lack of standing and predatory lending in

violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A.

56:8-2 to -20.

 During discovery, plaintiff produced a copy of the original

note and invited defendant to inspect the document in plaintiff's

attorney's office, which neither defendant nor her attorney

 4 A-5575-15T1
accepted or scheduled. Plaintiff also produced a copy of

defendant's original loan application. On October 1, 2015,

defendant served plaintiff with a notice to depose an authorized

representative.

 On October 6, 2015, plaintiff filed a motion for summary

judgment, and on October 22, 2015, filed a motion to quash the

notice of deposition. On November 13, 2015, defendant filed a

cross-motion to compel discovery.

 In opposition to plaintiff's summary judgment motion,

defendant argued, in part, that plaintiff lacked standing to

foreclose because its noncompliance with a Pooling and Servicing

Agreement (PSA) established it did not own or possess the note.

Defendant argued she was a third-party beneficiary of the PSA and

had standing to challenge plaintiff's noncompliance. Defendant

also argued summary judgment was not appropriate because plaintiff

violated the CFA and discovery was not complete.

 In a March 7, 2016 order, the motion judge granted plaintiff's

summary judgment motion; in two separate April 1, 2016 orders, the

court granted plaintiff's motion to quash defendant's notice of

deposition and denied defendant's cross-motion to compel

discovery. In an April 1, 2016 written opinion, the judge found

plaintiff's proofs established a prima facie right to foreclose,

and defendant failed to demonstrate how further discovery would

 5 A-5575-15T1
rebut that right or have any impact on the court's decision. The

judge found there was no factual support for most of defendant's

affirmative defenses. The judge also found plaintiff has standing

to foreclose because it's proofs established it had possession of

the note and assignment of the mortgage prior to filing the

complaint. On July 12, 2016, the court entered final judgment.

This appeal followed.

 II.

 On appeal, defendant contends her CFA defense based on

predatory lending was not subject to dismissal on summary judgment.

She argues that plaintiff committed an unconscionable commercial

practice under the CFA because it extended the adjustable rate

note to her with reckless unconcern as to her ability to pay. This

argument lacks merit.

 Our review of a ruling on summary judgment is de novo,

applying the same legal standard as the trial court. Templo Fuente

De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199

(2016) (citation omitted). Thus, we consider, as the trial judge

did, "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." Liberty Surplus Ins.

Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting

Brill, supra, 142 N.J. at 536). "[S]mmary judgment [must] be

 6 A-5575-15T1
granted 'if the pleadings, depositions, answers to interrogatories

and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact challenged

and that the moving party is entitled to a judgment or order as a

matter of law.'" Templo Fuente, supra, 224 N.J. at 199 (quoting

R. 4:46-2(c)). If there is no genuine issue of material fact, we

must then "decide whether the trial court correctly interpreted

the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494

(App. Div. 2007), certif. denied, 195 N.J. 419 (2008). We review

issues of law de novo and accord no deference to the trial judge's

conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463,

478 (2013). Applying these standards, we discern no reason to

reverse the grant of summary judgment in favor of plaintiff.

 Defendant executed the note on July 27, 2007, and did not

assert the CFA defense until June 15, 2015, when she filed her

answer. The defense, therefore, is time-barred by the six-year

statute of limitations. N.J.S.A. 2A:14-1; DiIorio v. Structural

Stone & Brick Co., Inc., 368 N.J. Super. 134, 142 (App. Div. 2004)

(citation omitted).

 Defendant's CFA defense also fails on the merits. In United

State Bank National Ass'n. v. Curcio, 444 N.J. Super. 94 (App.

Div. 2016), we rejected predatory lending as an affirmative defense

to foreclosure, stating:

 7 A-5575-15T1
 Defendant also argues that plaintiff engaged
 in predatory lending by extending a mortgage
 she could not afford, and tricking her into
 accepting an adjustable rate mortgage.
 However, she does not provide evidence nor
 published New Jersey cases to support her
 argument. Thus, "[w]e will not consider"
 defendant's entirely unsupported and
 "conclusionary statement." In any event, we
 note defendant signed documents which made
 clear she was agreeing to an adjustable rate
 mortgage.

 [Id. at 114 (alteration in original) (citing
 Miller v. Reis, 189 N.J. Super. 437, 441 (App.
 Div. 1983)).]

 Defendant provided no evidence to support her defense of

predatory lending. To the contrary, the evidence confirms

defendant was not extended a mortgage plaintiff knew she could not

afford or tricked into accepting the adjustable rate mortgage.

Defendant represented on the loan application she had sufficient

monthly income to pay the mortgage loan and signed documents that

made clear she was agreeing to an adjustable rate mortgage in the

amount of $225,600. Defendant paid the mortgage for nearly four

years, and defaulted because she lost her employment, not because

of predatory lending.

 8 A-5575-15T1
 III.

 Defendant next contends that because plaintiff violated the

PSA, the judge erred in holding plaintiff had standing. 1 Relying

on Bank of New York v. Ukpe, A-2209-11 (App. Div. Aug. 20, 2014),

and Yvanova v. New Century Mortgage Corp., 365 P.3d 845 (Cal.

2016), plaintiff argues she had standing to assert a violation of

the PSA and is a valid third-party beneficiary of the PSA.

However, unpublished opinions, such as Ukpe, do not constitute

precedent and are not binding on us. Trinity Cemetery Ass'n v.

Twp. of Wall, 170 N.J. 39, 48 (2001); R. 1:36-3. Further, we are

not bound by opinions from other jurisdictions.2 See Lipkowitz v.

Hamilton Surgery Ctr., LLC, 415 N.J. Super. 29, 36 (App. Div.

2010); Young v. Prudential Ins. Co. of Am., Inc., 297 N.J. Super.

605, 622 (App. Div.), certif. denied, 149 N.J. 408 (1997).

 Nevertheless, neither Ukpe nor Yvanova support defendant's

position. In Ukpe, we did not discuss whether a borrower may

challenge compliance with a PSA, let alone hold or even suggest

1
 We decline to address defendant's public policy argument that
banks and lending institutions created and developed a complex
securitization scheme of contemporary banking behind which they
should not be permitted to "hide."
2
 Defendant also relies on opinions from other jurisdictions to
argue that recent trends in those jurisdictions provide strong
support for her position. However, as we have already stated, we
are not bound by opinions from other jurisdictions.

 9 A-5575-15T1
that a borrower has standing to do so. In Yvanova, the Supreme

Court of California merely held that a borrower who suffered a

non-judicial foreclosure could sue for wrongful foreclosure when

an assignment is void, as opposed to voidable. Yvanova, supra,

365 P.3d at 848. The Supreme Court of California repeatedly

stressed it was expressing no opinion on whether a mortgage

assignment made after the closing date of a New York securitized

trust was void or voidable. Id. at 853. Thus, regardless of

whether plaintiff complied with the PSA in this case, defendant

lacked standing to advance such a challenge.

 IV.

 In the alternative, defendant contends that she is entitled

to a limited remand for findings of fact and conclusions of law

on her predatory lending and PSA affirmative defenses. Lastly,

defendant argues summary judgment was premature because discovery

was not complete.

 We have considered these contentions in light of the record

and applicable legal principles and conclude they are without

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E). However, we make these brief comments.

 "As a general proposition, a party seeking to foreclose a

mortgage must own or control the underlying debt." Deutsche Bank

Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div.

 10 A-5575-15T1
2011) (citations omitted). "[E]ither possession of the note or

an assignment of the mortgage that predated the original complaint

confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428

N.J. Super. 315, 318 (App. Div. 2012) (citing Mitchell, supra, 422

N.J. Super. at 216, 225). "[S]tanding is not a jurisdictional

issue in our State court system and, therefore, a foreclosure

judgment obtained by a party that lacked standing is not 'void'

within the meaning of Rule 4:50-1(d)." Deutsche Bank Nat'l Trust

Co. v. Russo, 429 N.J. Super. 91, 101 (App. Div. 2012). The

judgment is "voidable" unless the plaintiff has standing from

either possession of the note or an assignment of the mortgage

that predated the original complaint. See Angeles, supra, 428

N.J. Super. at 319-20.

 Here, plaintiff had both possession of the original note and

an assignment of the mortgage prior to filing the foreclosure

complaint. Accordingly, the court correctly determined that

plaintiff had standing in this matter, and properly granted summary

judgment. No further discovery could change this result.

 Affirmed.

 11 A-5575-15T1